## Szmigel's License

*Leonard A. Talone*, for appellant.
*Peter Jurchak*, for Liquor Control Board.

KNIGHT, P. J., and CORSON, J., January 12, 1940.— Appellant has a restaurant liquor license for premises nos. 304, 306, and 308 East Elm Street, in the Borough of Conshohocken, and has held such a license since April 1933.

Appellant made application to transfer this license to his wife, and while this application was pending the Pennsylvania Liquor Control Board issued a citation to appellant, directing him to show cause why said license should not be revoked.

After a hearing, the board, on August 10, 1939, ordered and decreed that the license of appellant be revoked. This appeal followed.

It appears that the reason for revoking the license is that "The licensee was convicted in the Montgomery County court on the charge of perjury and sentenced to serve a term of from one to two years in prison, and by reason of said conviction the licensee is no longer a person of good repute."

The Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, gives to the Liquor Control Board the right to suspend or revoke licenses for violations of the act, or the regulations of the board, or upon any other sufficient cause shown.

Under prior statutes dealing with licenses for the sale of liquor and malt beverages and containing provisions similar to that of the Act of 1937, supra, the fact that a licensee was convicted of a crime unconnected with the sale of liquor or violation of the license privilege has been held "sufficient cause" to revoke the license: Revocation of Mark's License, 115 Pa. Superior Ct. 256, and cases therein cited.

The Pennsylvania Liquor Control Act, sec. 403, makes it a requisite for obtaining a license that the applicant be a person of good repute. This being a requisite for obtaining a license, it would certainly seem to be sufficient cause to revoke a license if the licensee ceases to be a person of good repute.

Does the conviction of appellant for perjury render him a person no longer of good repute?

It cannot be said that conviction for any offense, no matter how trifling, will take away the good repute of a citizen. Perjury, however, is a serious crime, striking at the administration of the law and the functioning of governmental agencies. Persons convicted of this crime cannot be said to be persons of good repute in any law-abiding and respectable community.

Nor can we overlook the prior record of appellant. In 1928 he was convicted of a violation of the National Prohibition Act of October 28, 1919, 41 Stat. at L. 305, and

was sentenced to pay a fine of $1,000 and undergo an imprisonment of from 1½ to 3 years in the Montgomery County Prison.

In 1937 he was found guilty of maintaining a gambling establishment, and was sentenced to pay a fine of $100 and undergo an imprisonment of two months in the Montgomery County Prison.

While it is true that he was granted a license in the face of this record, this does not mean that the slate was wiped clean and that his prior convictions should not be considered in connection with his latest transgression. Appellant was also warned when he applied for his license that a conviction of the charge then pending against him might lead to a revocation of the license privilege.

Counsel for appellant does not question the right of the board to revoke the license for the cause given, but contends that appellant has been punished sufficiently for his crime; that the revoking of the license would work a hardship on appellant and his family far beyond any punishment merited by his crime, and that a suspension would meet the ends of justice.

It cannot be denied that appellant has paid dearly for his sin. The perjury he committed was in connection with a bail bond through which a notorious criminal escaped. Appellant has lost a property worth around $5,000, which was seized in payment of the bond, and he has been in jail for nearly a year.

We do not see, however, how we could modify the penalty fixed by the board: a suspension would not be in order for a person of bad repute. We must either set aside the finding of the board entirely or sustain it. In view of the evidence, we cannot reverse the board and hence its order must be affirmed. We sympathize with appellant, but he is the author of his own troubles.

And now, January 12, 1940, the order of the Liquor Control Board is affirmed and the appeal dismissed.